# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50152
c/w No. 14-50153
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO ROSALES-GONZALEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-397-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ricardo Rosales-Gonzalez appeals the 24-month sentence imposed following the revocation of his supervised release. He also pleaded guilty to a charge of illegal reentry and was sentenced to 24 months of imprisonment. However, because he does not raise any arguments related to that conviction or sentence, he abandons any such challenge. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

In this court, Rosales-Gonzalez contends that his revocation sentence, which is within the range set forth in the nonbinding policy statements found in Chapter Seven of the Sentencing Guidelines and the statutory maximum, is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plainly unreasonable. He alleges that the district court failed to consider mitigating circumstances for his most recent reentry, such as his desire to support his children and ill mother and to escape violent conditions in Mexico. He also complains that the district court placed too much emphasis on his history of domestic violence.

Ordinarily, revocation sentences are reviewed under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Because Rosales-Gonzalez did not specifically object to the unreasonableness of his sentence in the district court, we review for plain error only. *See United States v. Heard*, 709 F.3d 413, 425 (5th Cir.), *cert. denied*, 134 S. Ct. 470 (2013). Moreover, the sentence was within the advisory guidelines range and is entitled to the presumption of reasonableness. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008).

The district court heard Rosales-Gonzalez's arguments for a lesser sentence but determined that a 24-month sentence was appropriate. "[T]he sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Rosales-Gonzalez has not shown that the 24-month revocation sentence was substantively unreasonable. His motive to reunite with his family is not sufficient to justify a lower sentence or to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). He has thus failed to establish any reversible plain error in connection with the reasonableness of the sentence imposed. *Heard*, 709 F.3d at 425-26.

AFFIRMED.